UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIANNA MILES, | ) | CASE NO. 1:22- CV-00282 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

    This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. (ECF #13). The Defendant timely filed objections to the Magistrate's Report and Recommendation. (ECF # 16). The Court has fully reviewed the Report and Recommendation, the objection by the Defendant, and all of the applicable law. The Court finds that the objections raised by the Defendant have merit, and, therefore, declines to adopt the recommendation of the Magistrate Judge.

## PROCEDURAL HISTORY

On February 18, 2022, Plaintiff, Tianna Miles ("Ms. Miles") filed a *pro se* Complaint against defendant, Experian Information Solutions, Inc.("Experian"), a credit reporting agency ("CRA") contending that Experian violated her rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§ 1681, by impermissibly disclosing her credit report and failing to conduct a proper investigation into the accuracy of the information on her report. (ECF#1). On June 10, 2022, Experian moved to dismiss Ms. Miles's *pro se* complaint, asserting that she has failed to state a claim for relief. (ECF#11). Ms. Miles has not responded to the motion and her time for doing so has expired. (ECF#13). Pursuant to Local Rule 72.2(b), the case was referred to Magistrate Judge Thomas M. Parker. In her complaint, Ms. Miles alleges two claims against Experian. Firstly, she alleges that Experian violated her "consumer right to privacy" by disclosing her report without her written/instruction/consent ("Privacy Claim"). (ECF#1). Secondly, she alleges that Experian failed to satisfy the "accuracy and fairness" in its credit reports ("Investigation Claim"). (ECF#1). Ms. Miles seeks a total of $500,000 in damages ($34,000 in actual damages and $466,000 in punitive damages). (ECF#1).

Magistrate Judge Thomas M. Parker issued a Report and Recommendation on December 9, 2022, addressing the claims. (ECF#13). In his Report and Recommendation Magistrate Judge Thomas M. Parker initially stated that Ms. Miles's current allegations are insufficient, however he ultimately concluded that due to Ms. Miles's *pro se* status, the seriousness of her allegations, and the possibility that an amendment to Ms. Miles's complaint would remedy the insufficient allegations, he would recommend this Court grant Ms. Miles leave to amend her complaint. (ECF# 13).

## STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendations of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

In reviewing the Plaintiff's claims, the court must be cognizant of her *pro se* status. The standard of review for pro se pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, "the lenient treatment generally accorded pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## ANALYSIS

Experian has objected to the Magistrate's recommendation to allow Ms. Miles to amend her complaint and deny Experian's motion to dismiss. (ECF#16). Experian argues that the Magistrate Judge correctly determined that Plaintiff's Complaint on its face is insufficient to state a claim, but erred in denying Experian's motion. (ECF# 16).

The Report and Recommendation accurately outlines the proper legal standards that are applicable to a Plaintiffs' claim to relief and requires Ms. Miles's complaint to "state a claim to

relief that is plausible on its face." *Bell Atl/ Corp. v. Twombly,* 550 U.S. 544, 570 (2007). However, the Magistrate Judge reached contradictory conclusions about whether Ms. Miles's complaint presents "sufficient allegations" to state a claim upon which relief can be granted. (ECF# 13). Initially, the report starts out by stating that since Ms. Miles's allegations were flawed and/or insufficient, she has not presented "sufficient allegations." (ECF#13 at 7). The report further explains the "insufficiency" by stating that Ms. Miles's current allegations were not specific enough and were only general allegations against Experian's insuffcient investigation. (ECF#13 at 8). Despite the finding, the Magistrate Judge ultimately concluded that "Ms. Miles raised sufficient allegations to demonstrate that leave to amend would not be futile" and recommended to allow her to amend her complaint. (ECF#13 at 9).

Regarding *pro se* litigants, the Magistrate relied in large part on the decision from the 6th Circuit Court of Appeals which held that "Pleadings by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings by lawyers." *El Bey v. Roop,* 500 F.3d 407, 417 (6th Cir. 2008). However, though *pro se* pleadings are entitled to less stringent standards than formal pleadings drafted by lawyers, the lenient treatment "has limits." *See; Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Courts have held that they are not required "to create" a *pro se* litigant's claim for them. *See Payne v. Secretary of Treasury,* 73 F. App'x 836, 837 (6th Cir. 2003).

Ms. Miles's Complaint is clearly deficient and she failed to object to the motion to dismiss or to Experian's objection to the Magistrate's Report and Recommendation. Ms. Miles shows no interest in pursuing her own claim. As such, the Court cannot pursue her claims for her.

## CONCLUSION

For the reasons set forth above, Magistrate Judge Parker's Report and Recommendation is not adopted and Defendant's Motion to Dismiss (ECF#11) is granted..

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: February 8, 2023